## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOSEPHINE NASSAR | : | CIVIL ACTION NO.: |
| | : | 3:21-cv-01408-JAM |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| AMAZON.COM SERVICES LLC, | : | OCTOBER 29, 2021 |
| | : | |
| Defendant. | : | |
| | : | |

## ANSWER TO COMPLAINT

Defendant Amazon.com Services LLC ("Amazon" or "Defendant"), by and through its attorneys Seyfarth Shaw LLP, hereby submits its Answer to Plaintiff Josephine Nassar's ("Plaintiff") Complaint, as follows:

**COMPLAINT ¶1:**

The Plaintiff in this matter, JOSEPHINE NASSAR ("Plaintiff"), was at all times relevant to this Action a resident of the city of New Haven, State of Connecticut.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 1 of the Complaint and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶2:**

The Defendant, AMAZON.COM SERVICES LLC ("Defendant"), is a foreign company organized under the laws of the state of Delaware, duly licensed to conduct business in the State of Connecticut and operating a location at 409 Washington Ave, North Haven, Connecticut.

**ANSWER:**

Defendant admits the allegations in Paragraph 2.

**COMPLAINT ¶3:**

Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and thereafter received a release of jurisdiction letter therefrom, a copy of which is appended hereto as Exhibit 1. This Action is brought within 90 days of receipt of said release of jurisdiction letter. As such, Plaintiff has exhausted all administrative remedies, and this Action is timely.

**ANSWER:**

Paragraph 3 contains conclusions of law to which no response is required. To the extent a response is deemed required, Defendant states that the written documentation speaks for itself and denies the allegations to the extent they are inconsistent with that documentation.

**COMPLAINT ¶4:**

On or around September 16, 2019, Defendant employed Plaintiff in the role of Warehouse Assistant on the third shift, with her shift being 7:00 pm to 7:30 am, at its 409 Washington Ave, North Haven, Connecticut location.

**ANSWER:**

Defendant denies the allegations in Paragraph 4 except to admit that Plaintiff worked for Amazon out of its facility located at 409 Washington Avenue in North Haven, CT, and to state affirmatively that Plaintiff worked for Amazon as a full-time Fulfillment Associate from September 14, 2019 until December 21, 2020.

**COMPLAINT ¶5:**

As a Warehouse Assistant, Plaintiff's roles included, but were not limited to offloading merchandise trucks, deciphering work orders, locating stock, and packing items for shipment.

**ANSWER:**

Defendant denies the allegations in Paragraph 5 except to admit that Plaintiff's responsibilities included packing items for shipment. Defendant affirmatively states that Plaintiff worked for Amazon as a full-time Fulfillment Associate.

**COMPLAINT ¶6:**

At all times relevant to this complaint, Plaintiff reported to and was supervised by Defendant manager Kate Ambrose ("Ambrose").

**ANSWER:**

Defendant admits the allegations in Paragraph 6 and affirmatively states that Ms. Ambrose supervised Plaintiff from August 2019 until December 21, 2020.

**COMPLAINT ¶7:**

On or around August 16, 2020, Plaintiff learned she was pregnant.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 7 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶8:**

In or around October 2020, Plaintiff informed Ambrose that she was pregnant.

**ANSWER:**

Defendant admits the allegations in Paragraph 8.

**COMPLAINT ¶9:**

At or around the same time, Plaintiff was given a given a medical note by her doctor that stated that Plaintiff could not lift more than 20 pounds due to her pregnancy.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 9 and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶10:**

Shortly thereafter, Plaintiff informed Ambrose of her lifting restrictions, and in turn, Ambrose told Plaintiff to apply for an accommodation regarding her medical imposed restrictions.

**ANSWER:**

Defendant admits that Ms. Ambrose told Plaintiff to apply for accommodations, if needed – but denies that Ms. Ambrose knew of any "medical imposed restrictions."

**COMPLAINT ¶11:**

In or around the end of October 2020, Plaintiff applied for the accommodation and provided her physician with Defendant's required form at or around the same time.

**ANSWER:**

Defendant admits that Plaintiff requested an accommodation on or about October 19, 2020, via Amazon's employee self-service (ESS). Defendant lacks knowledge and information to respond to the allegation about what Plaintiff may or may not have provided to her medical provider and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶12:**

In or around the beginning of November 2020, Defendant closed Plaintiff's application and/or case stating it did not receive the completed forms from Plaintiff's doctor.

**ANSWER:**

Defendant admits that it did not receive any medical documentation from Plaintiff. Defendant further admits that the claim was closed due to receiving no documentation from Plaintiff. Defendant denies the remaining allegations in Paragraph 12.

**COMPLAINT ¶13:**

Plaintiff questioned the veracity of this claim however received no response from Defendant.

**ANSWER:**

Defendant denies the allegations in Paragraph 13.

**COMPLAINT ¶14:**

Plaintiff applied for accommodation for the second time mid-November, 2020. Once again, the Plaintiff submitted documents completed by her doctor to the respondent by email.

**ANSWER:**

Defendant admits that it received an accommodation request from Plaintiff on or about November 24, 2020. Defendant admits that Plaintiff submitted medical documentation to it on or about December 8, 2020. Defendant denies the remaining allegations in Paragraph 14.

**COMPLAINT ¶15:**

Shortly thereafter, Plaintiff inquired again about the status of her application, to which Defendant stated that they were waiting for a decision.

**ANSWER:**

Defendant denies the allegations in Paragraph 15.

**COMPLAINT ¶16:**

After her application for accommodation, by way of retaliation, Ambrose issued Plaintiff a written warning for "productivity" stating that the Plaintiff was going to the restroom too frequently.

**ANSWER:**

Defendant denies the allegations in Paragraph 16.

**COMPLAINT ¶17:**

In response, Plaintiff informed Ambrose, "I am pregnant which is requiring me to go to the bathroom." to [*sic*] which Ambrose responded: "once the company approves the accommodation, we will take away the written warning" — in essence admitting that respondent was disciplining the Plaintiff because of her pregnancy and need for pregnancy related accommodations.

**ANSWER:**

Defendant denies the allegations in Paragraph 17.

**COMPLAINT ¶18:**

Three weeks later, manager Ambrose again spoke with the Plaintiff about her need for bathroom breaks and informed Plaintiff that this was her "final written warning."

**ANSWER:**

Defendant denies the allegations in Paragraph 18.

**COMPLAINT ¶19:**

Again, Plaintiff responded that the bathroom was necessary due to her pregnancy that she was waiting for her requested accommodation to be approved by Defendant due to her pregnancy.

**ANSWER:**

Defendant denies the allegations in Paragraph 19.

**COMPLAINT ¶20:**

Plaintiff appealed the final written warning.

**ANSWER:**

Defendant admits that Plaintiff filed an appeal of a Supportive Feedback Document indicating Plaintiff had been issued a Final Written Warning with Amazon on or about November 30, 2020.

**COMPLAINT ¶21:**

On December 20, 2020, around 12:15 am while the Plaintiff was working, Defendant assistant manager instructed Plaintiff to report to Human Resources where present in the conference room were Ambrose and Human Resources.

**ANSWER:**

Defendant lacks sufficient information to admit or deny the allegations as to the actions of an unidentified assistant manager, including whether that person instructed Plaintiff to report to Human

6

Resources at 12:15 am on December 20, 2020 while Plaintiff was working.  Defendant denies the remaining allegations in Paragraph 21.

**COMPLAINT ¶22:**

Defendant told Plaintiff that the company could not accommodate her and therefore, that her employment was terminated immediately.

**ANSWER:**

Defendant denies the allegations in Paragraph 22.

**COMPLAINT ¶23:**

Plaintiff previously completed all relevant forms for accommodation in addition to Plaintiff's doctor previously completing a detailed accommodation form for the Defendant.

**ANSWER:**

Defendant admits that it received an accommodation request from Plaintiff and received medical documentation from Plaintiff in December 2020.  Defendant denies the remaining allegations in this paragraph.

**COMPLAINT ¶24:**

Plaintiff requested an accommodation specifically because of her pregnancy, and she was to not lift more than 20 pounds, not stand for long periods of time, or bend for long periods, and that she would require more frequent bathroom breaks.

**ANSWER:**

Defendant admits that Plaintiff's requested restrictions indicated that she was unable to lift more than 20 pounds, required a 15-minute break every 3-4 hours, and was unable to sit or stand for long periods of time.  Defendant denies the remaining allegations in Paragraph 24.

76816539v.1

**COMPLAINT ¶25:**

Plaintiff worked for respondent in the smart pack unit, which was primarily light duty work, requiring Plaintiff to lift or handle smaller boxes, and medium to large boxes only on occasion.

**ANSWER:**

Defendant denies the allegations in Paragraph 25.

**COMPLAINT ¶26:**

Duties of the position required employees to handle packages weighing between two to five pounds. Plaintiff requested Ambrose to place her in the small packages unit, to which Ambrose responded, "you need to apply for accommodation."

**ANSWER:**

Defendant denies the allegations in Paragraph 26.

**COMPLAINT ¶27:**

Despite having applied for said accommodation, Defendant purposefully denied same and terminated the Plaintiff instead.

**ANSWER:**

Defendant admits that Plaintiff's employment was terminated but otherwise denies the allegations in Paragraph 27.

**COMPLAINT ¶28:**

Defendant could have easily accommodated the complainant but simply did not want to in order to terminate her employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 28.

**COMPLAINT ¶29:**

In further retaliation, Ambrose assigned the Plaintiff to the multiple packages unit known as AFE Unit, a department requiring heavy lifting and a lot of bending, and consisted of heavier lifting requirements than the Plaintiff's regular work unit.

**ANSWER:**

Defendant denies the allegations in Paragraph 29.

**COMPLAINT ¶30:**

In further retaliation of the Plaintiff's pregnancy, the Plaintiff was terminated at 1:20am [*sic*], being walked out of the building by Defendant and not allow [*sic*] the Plaintiff to complete her work shift.

**ANSWER:**

Defendant denies the allegations in Paragraph 30.

**COMPLAINT ¶31:**

Plaintiff was treated like a criminal on the morning of December 20, 2020, as it was snowing outside during the middle of the night, and it was dangerous for a pregnant woman at that time of the night to drive home.

**ANSWER:**

Defendant denies the allegations in Paragraph 31.

**COMPLAINT ¶32:**

Later that same day of termination, Plaintiff received a phone call from a Defendant representative at 4:15pm [*sic*] regarding her previous appeal for the written warning.

**ANSWER:**

Defendant denies the allegations in Paragraph 32.

**COMPLAINT ¶33:**

Plaintiff informed the Defendant representative that she had been walked out and terminated earlier that day to which the caller was unaware.

**ANSWER:**

Defendant lacks sufficient knowledge and information to respond to the allegations set forth in Paragraph 33 of the Complaint and therefore denies the same and leaves Plaintiff to her proof.

**COMPLAINT ¶34:**

Plaintiff received no discipline prior to Plaintiff giving Defendant notice of her pregnancy, however from the time the pregnancy notice, Plaintiff was issued discipline, followed with termination of her employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 34.

**COMPLAINT ¶35:**

Any and all reasons Defendant has proffered for its adverse employment action against Plaintiff are false and/or pretext to mask its unlawful discriminatory intent.

**ANSWER:**

Defendant denies the allegations in Paragraph 35.

**COUNT ONE: SEX DISCRIMINATION - C.G.S. § 46a-60(b)(1)**

**COMPLAINT ¶36:**

All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

**ANSWER:**

Paragraph 36 consists of a statement of incorporation, to which no response is required. To the extent that a response is required, Defendant incorporates its responses to the preceding paragraphs.

76816539v.1

**COMPLAINT ¶37:**

Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

**ANSWER:**

Paragraph 37 contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 37.

**COMPLAINT ¶38:**

Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of her sex.

**ANSWER:**

Defendant denies the allegations in Paragraph 38.

**COMPLAINT ¶39:**

Defendant subjected Plaintiff to a pervasive and continuing course of discriminatory comments and/or conduct which had the purpose or effect of substantially interfering with Plaintiff's work performance and/or the creation of an intimidating, hostile, or offensive work environment.

**ANSWER:**

Defendant denies the allegations in Paragraph 39.

**COMPLAINT ¶40:**

Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's sex.

**ANSWER:**

Defendant denies the allegations in Paragraph 40.

**COMPLAINT ¶41:**

As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**ANSWER:**

Defendant denies the allegations in Paragraph 41.

## COUNT TWO: PREGNANCY DISCRIMINATION - C.G.S. §46a-60(b)(7)

**COMPLAINT ¶42:**

All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

**ANSWER:**

Paragraph 42 consists of a statement of incorporation, to which no response is required. To the extent that a response is required, Defendant incorporates its responses to the preceding paragraphs.

**COMPLAINT ¶43:**

Defendant is and [*sic*] "employer" within the meaning of the Connecticut Fair Employment Practice Act.

**ANSWER:**

Paragraph 43 contains conclusions of law to which no response is required. To the extent a response is required, Defendant admits the allegations in Paragraph 43.

**COMPLAINT ¶44:**

Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her pregnancy, in one or more of the following ways:

a. In that Defendant terminated Plaintiff's employment because of her pregnancy;

b. In that Defendant limited, segregated or classified Plaintiff in a way that deprived her of employment opportunities due to her pregnancy;

c. In that Defendant failed or refused to make a reasonable accommodation for Plaintiff due to her pregnancy

12

76816539v.1

       d.       In that Defendant denied employment opportunities to Plaintiff due to her request for a reasonable accommodation due to her pregnancy; and/or

       e.       In that Defendant retaliated against Plaintiff in the terms, conditions or privileges of her employment based upon her request for a reasonable accommodation.

**ANSWER:**

Defendant denies the allegations in Paragraph 44, including the allegations in subparagraphs (a) – (e).

**COMPLAINT ¶45:**

As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**ANSWER:**

Defendant denies the allegations in Paragraph 45.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

Plaintiff fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

To the extent Plaintiff's claims are based on acts that occurred prior to any applicable statute of limitations, Plaintiff's claims are time-barred, in whole or in part.

#### Third Affirmative Defense

To the extent Plaintiff failed to exhaust her administrative remedies and/or failed to comply with the procedural prerequisites prior to bringing some or all of her claims, the Court lacks subject matter jurisdiction over such claims or such claims are otherwise barred.

**Fourth Affirmative Defense**

Without conceding that Plaintiff has suffered any damages as a result of the purportedly wrongful acts of Defendant, Plaintiff has failed to mitigate her damages.

**Fifth Affirmative Defense**

To the extent Plaintiff alleges that any of Defendant's employees acted in an improper or illegal manner, such conduct, if it occurred, was outside the course and scope of their employment, was not authorized, ratified, or condoned by Defendant, and was undertaken without the knowledge or consent of Defendant. Thus, Defendant is not liable for any such conduct, if it occurred.

**Sixth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, because Defendant exercised reasonable care to prevent and promptly correct any discriminatory, harassing, or retaliatory behavior, and Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided or to avoid harm otherwise.

**Seventh Affirmative Defense**

Defendant has complied with all laws and regulations and otherwise satisfied its statutory obligations toward Plaintiff under C.G.S. § 46a-60(b)(1) and (7).

**Eighth Affirmative Defense**

Plaintiff cannot establish a *prima facie* case of sex discrimination or pregnancy discrimination.

**Ninth Affirmative Defense**

Plaintiff's claims are not actionable because the employment practices and/or decisions challenged in the Complaint are justified by legitimate, non-discriminatory reasons.

### Tenth Affirmative Defense

Defendant avers that even if some impermissible motive were a factor in any employment decision(s) concerning plaintiff, a claim that Defendant expressly denies, the same decision(s) would have been reached for legitimate business reasons.

### Eleventh Affirmative Defense

Plaintiff is not entitled to punitive damages because Defendant made a good faith effort to comply with all applicable anti-discrimination laws.

### Twelfth Affirmative Defense

Plaintiff is not entitled to liquidated damages because Defendant exercised good faith efforts to comply with all provisions of the law.

### Thirteenth Affirmative Defense

To the extent Plaintiff claims compensatory and liquidated damages, those damages are barred to the extent that these forms of relief are duplicative of each other.

### RESERVATION OF RIGHTS

Defendant reserves the right to raise additional defenses as may be discovered during the course of these proceedings.

DATED:  October 29, 2021	Respectfully submitted,

Amazon.com Services LLC

By its Attorneys,

 /s/ *Daniel B. Klein*
Daniel B. Klein (ct18934)
dklein@seyfarth.com
SEYFARTH SHAW LLP
Seaport East
Two Seaport Lane, Suite 1200
Boston, MA 02210-2028
Telephone:	617-946-4800
Facsimile:	617-946-4801

16

76816539v.1

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 29, 2021, a true copy of the foregoing document was electronically filed through the Court's ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

/s/ *Daniel B. Klein*
Daniel B. Klein

76816539v.1